# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

REGINALD L. MCCOY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No: 8:24-cv-121-CEH-CPT
Crim Case: 8:90-cr-132-CEH-CPT

## ORDER

Reginald McCoy moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 challenging his convictions for conspiracy and possession with intent to distribute 50 grams or more of cocaine base (crack). (Doc. cv-1; cr-1252). The Court preliminarily reviews the motion for sufficiency. Rule 4(b), Rules Governing Section 2255 Proceedings.

## DISCUSSION

McCoy is a federal prisoner who was sentenced on July 1, 1991, to life in prison after a jury found him guilty of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and possession with intent to distribute 50 grams or more of crack cocaine. Doc. 992-2. On April 26, 2022, McCoy filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. Doc. 1209; *see McCoy v. United States*, No. 8:22-cv-967-CEH-MRM (M.D. Fla.). "Only a single § 2255 motion is authorized and successive attempts at relief are limited." *Boyd v. United States*, 754

F.3d 1298, 1301 (11th Cir. 2014) (citation omitted). Although McCoy filed several prior motions that the district court characterized as § 2255 motions, because McCoy was not sufficiently warned pursuant to *Castro v. United States*, 540 U.S. 375 (2003),[1] the Eleventh Circuit noted those prior motions could not be treated as an original Section 2255 motion for purposes of applying the statutory restrictions on second or successive Section 2255 motions. *See* Doc. 1247 at 3 n.1; *see also* Docs. 1108, 1207. Thus, for purposes of considering whether the instant motion is a second or successive motion, the April 2022 motion is considered McCoy's initial motion. If a court determines that a § 2255 motion is "second or successive," the motion must first be certified by the court of appeals before the district court may reach the merits of the motion. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h).

The Court denied as untimely McCoy's initial Section 2255 motion that was filed in April 2022, challenging the July 1, 1991 judgment. *McCoy v. United States*, No. 8:22-cv-967-CEH-MRM (M.D. Fla.), (ECF Doc. 21). The Eleventh Circuit denied McCoy's motion for certificate of appealability because he failed to make a substantial

---

[1] In *Castro v. United States*, the Supreme Court adopted a rule limiting the federal court's power to recharacterize *pro se* motions as § 2255 motions. 540 U.S. 375, 382–83 (2003). If a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion, the district court "must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." *Castro*, 540 U.S. at 383.

showing of the denial of a constitutional right. *Id.*, ECF No. 31. Where a district court dismisses a petitioner's first motion to vacate as untimely, the dismissal is with prejudice, and the petitioner must seek permission from the appellate court to file a successive motion. *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h) and *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007)).

In his second or successive motion now before the Court, McCoy contends that because his first motion was dismissed as time-barred, it is not a dismissal on the merits and the Court may consider this Section 2255 motion. However, "a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes." *Candelario v. Warden*, 592 F. App'x 784, 785, n.1 (11th Cir. 2014) (citing *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003)). In *Candelario*, the Eleventh Circuit noted that a "second petition is successive if the first was denied or dismissed with prejudice, *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir.1999) (discussing § 2254), and a dismissal for untimeliness is with prejudice." *Candelario,* 592 F. App'x at 785 n.1 (citing *Jordan*, 485 F.3d at 1353).

Before filing his successive Section 2255 petition, McCoy petitioned the court of appeals on November 21, 2023, under 28 U.S.C. § 2244(b)(2), for leave to file a second or successive Section 2255 motion. *See In re: Reginald McCoy*, 23-13822 (U.S. Court of Appeals, 11th Circ.). In accordance with the Antiterrorism and Effective Death Penalty Act of 1996, as codified at 28 U.S.C. § 2255, before leave to file a second or successive motion can be granted by the U.S. Court of Appeals, it is the applicant's

burden to make a *prima facie* showing that satisfies either of the two conditions in 28 U.S.C. § 2255(h).

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

On December 20, 2023, the Eleventh Circuit denied McCoy's application requesting authorization to pursue before the district court a second or successive motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. Doc. 1247. In so denying, the Eleventh Circuit held that McCoy failed to raise a claim that meets the statutory criteria because (1) McCoy does not point to any newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offenses and (2) the cases that he cites to as new rules of Constitutional law were not unavailable to him as they were decided prior to his Section 2255 motion. Doc. 1247 at 4.

The instant petition is a second or successive petition. *See Carter*, 405 F. App'x at 410 (per curiam) (remanding for dismissal for lack of jurisdiction a second § 2255 motion filed without permission after first § 2255 motion was dismissed as untimely).

4

Because McCoy has not obtained approval from the Eleventh Circuit to file a second or successive petition, this Court is without jurisdiction to consider it.

Accordingly, it is

**ORDERED:**

1. Reginald McCoy's second or successive Section 2255 motion (Doc. 1) is **DISMISSED** for lack of jurisdiction. Because the Court lacks jurisdiction to consider the motion, the Court cannot issue a certificate of appealability. *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

2. The Clerk is directed to file a copy of this Order in the criminal case (8:90-cr-132-CEH-CPT) and terminate Doc. 1252 in that action.

3. The Clerk is further directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on May 15, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Petitioner, *pro se*